UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | § § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. 4:09-cv-2011 |
| MATTHEW LANGE, | § § § | |
| Defendant. | § | |

## ORDER

Pending before this Court is Plaintiff State Farm Fire and Casualty Company's ("Plaintiff") Motion for Default Judgment (Doc. No. 10 ), and Intervenor Linda Miller's Motion to Transfer Venue (Doc. No. 18).

### I. BACKGROUND

Defendant Mathew Lange was involved in an automobile accident in which two of the passengers in his vehicle were killed, and the other two may have been injured. (Pl. First Am. Compl., Doc. No. 5, ¶¶ 6-8.) Plaintiff State Farm Insurance Company has received claims asserted against Defendant as a result of the accident, including those from the families of the deceased passengers. (*Id.* ¶ 9.) Plaintiff insures Defendant's parents under a Personal Liability Umbrella Policy ("Policy"). (*Id.* ¶ 10.) Plaintiff asserts that Defendant's primary residence was not his parents' home at the time of the accident, and that he is therefore not covered by the Policy. (*Id.* ¶ 17.) Plaintiff seeks a declaratory judgment that it does not owe a duty under the Policy to defend or indemnify Defendant. (*Id.* at 5.) Two parties, representing the passengers killed in the accident, have intervened

in this case. Both oppose a declaration that Plaintiff has no duty to indemnify Defendant under the Policy.

## II. MOTION FOR DEFAULT

Defendant has not yet appeared. At the initial conference held on February 3, 2010, counsel for Plaintiff communicated to the Court his belief that Defendant had retained counsel and would make an appearance in the future. Pursuant to these representations, the Motion for Default is dismissed without prejudice to refiling when Defendant does answer and as discovery proceeds.

## III. MOTION TO TRANSFER VENUE

Intervenor Linda Miller ("Miller") files a Motion to Transfer Venue to the Victoria Division of the Southern District of Texas pursuant to 28 U.S.C. Section 1404(a). Miller argues that the Victoria Division is the proper venue for this case under 28 U.S.C. Section 1391(a) because Defendant resides there, and because it is the location of the underlying automobile accident.

Under 28 U.S.C. Section 1404(a), a correctly filed case may be transferred to another proper venue "[f]or the convenience of parties and witnesses, in the interest of justice." Defendant, as the movant under Section 1404(a), bears the burden of establishing the propriety of the transfer. *In re: Volkswagen of America, Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc). Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315 (distinguishing the heavier burden under the *forum non conveniens* standard where the movant must show that the factors "substantially outweigh" the plaintiff's choice of venue).

The Court finds and holds that this case need not be transferred to the Victoria Division of the Southern District of Texas. This case essentially involves ascertaining Defendant's primary residence at the time of the underlying automobile accident. Thus, the location and the circumstances of the accident itself are largely irrelevant to this Court's determination. Moreover, Houston is only 125 miles from Victoria, and the few witnesses who may be asked to testify in this matter will not, therefore, need to travel far. The Court further notes that all attorneys who have appeared in this case thus far are based here in Houston, and will obviously suffer no inconvenience from this forum. Finally, it is not the Defendant himself seeking the transfer, but rather an Intervenor who chose to enter this lawsuit. In light of these considerations, and the deference due to a plaintiff's choice of forum, the Motion to Transfer Venue is denied.

## IV. CONCLUSION

Plaintiff State Farm Fire and Casualty Company's Motion for Default Judgment (Doc. No. 10) is hereby **DIMISSED WITHOUT PREJUDICE**. Intervenor Linda Miller's Motion to Transfer Venue (Doc. No. 18) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 4th day of February, 2010.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE