UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 4:09-cv-2011 |
| MATTHEW LANGE, et. al, | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

Pending before this Court is Defendant Celinda Cervantez Escamilla's ("Escamilla") Motion to Transfer Venue (Doc. No. 33), and Plaintiff State Farm Fire and Casualty Company's ("Plaintiff") Opposed Motion to Transfer and Consolidate (Doc. No. 37). For the reasons stated below, the Court finds and holds that Escamilla's Motion should be denied, and Plaintiff's Motion should be dismissed without prejudice.

**I.   BACKGROUND**

Defendant Mathew Lange ("Lange") was involved in an automobile accident in Victoria, Texas, in which two of the passengers in his vehicle were killed, and the other two may have been injured. (Pl. Second Am. Compl., Doc. No. 32, ¶¶ 14-16.) Plaintiff State Farm Insurance Company has received claims asserted against Lange as a result of the accident, including those from the families of the deceased passengers. (*Id*. ¶ 17.) Plaintiff insures Lange's parents under a Personal Liability Umbrella Policy ("Policy"). (*Id*. ¶ 18.) Plaintiff asserts that Lange's primary residence was not his parents' home at the time of the accident, and that he is therefore not covered by the Policy. (*Id.* ¶ 20.)

Plaintiff seeks a declaratory judgment that it does not owe a duty under the Policy to defend or indemnify Lange. (*Id.* at 27.)

Two parties, representing the passengers killed in the accident, intervened in this case. Both oppose a declaration that Plaintiff has no duty to indemnify Lange under the Policy. This Court previously denied Intervenor Linda Miller's Motion to Transfer Venue. (Order, Doc. No. 27.) Plaintiff then filed an amended Complaint, adding several Defendants to this declaratory judgment action, including Escamilla.

## II.     MOTION TO TRANSFER VENUE

Escamilla now files a Motion to Transfer Venue to the Victoria Division of the Southern District of Texas pursuant to 28 U.S.C. Section 1404(a). Escamilla argues that transfer in this case is proper because the Victoria Division will be more convenient for Defendants and for key witnesses, and will not inconvenience Plaintiff, an Illinois corporation. Escamilla also points out that Houston has no connection with this dispute. Finally, Escamilla points out that a cause of action which raises the same question as is presented by Plaintiff in this case, namely Lange's residence at the time of the accident, has now been filed in the Victoria Division, and this case should be consolidated with that one for the sake of judicial efficiency. Plaintiff points out that 28 U.S.C. Section 1391(a), the statute that addresses venue in diversity cases, provides that venue is proper anywhere within the judicial district in which the defendant resides or where a substantial part of the events in question took place. Therefore, argues Plaintiff, because the Defendants in this case all reside within the Southern District of Texas, and the events giving rise to this case took place within the Southern District of Texas, venue is proper in any division within this District, including the Houston division.

### A. Legal Standard

Under 28 U.S.C. Section 1404(a), a correctly filed case may be transferred to another proper venue "[f]or the convenience of parties and witnesses, in the interest of justice." Escamilla, as the movant under Section 1404(a), bears the burden of establishing the propriety of the transfer. *In re: Volkswagen of America, Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc). Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id*. at 315 (distinguishing the heavier burden under the *forum non conveniens* standard where the movant must show that the factors "substantially outweigh" the plaintiff's choice of venue).

Although a plaintiff's initial choice of forum is entitled to deference, the degree of deference is higher when he has chosen his home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). Conversely, when a plaintiff is not a resident of the chosen forum, or when the operative facts underlying the case did not occur in the chosen forum, a court gives less deference to a plaintiff's choice. *See In re Horseshoe Entm't.*, 337 F.3d 429, 434-35 (5th Cir. 2003); *Apparel Production Services Inc. v. Transportes De Carga Fema, S.A*., 546 F. Supp. 2d 451, 453 (S.D. Tex. 2008); *Dupre v. Spanier Marine Corp*., 810 F. Supp. 823, 828 (S.D. Tex. 1993).

### B. Application

As with the previous motion to transfer filed by Ms. Miller, this Court finds and holds that this case need not be transferred to the Victoria Division of the Southern District of Texas. First, Plaintiff is correct that, because the case arises within the Southern District of Texas, the Houston Division constitutes a proper venue under 28

U.S.C. Section 1391(a). Second, this case essentially involves ascertaining Lange's primary residence at the time of the underlying automobile accident. Thus, the location and the circumstances of the accident itself are largely irrelevant to the determinations to be made by this Court and future jury members. Moreover, Houston is only 125 miles from Victoria, and the few witnesses who may be asked to testify in this matter will not, therefore, be required to travel far. Thus, to the extent that the Victoria Division offers more convenience, its advantages are relatively minor. Finally, that a case raising the same question at issue here is now pending in the Victoria Division is of limited importance in this Court's decision. Defendants cannot do an end-run around Plaintiff's choice of forum by later filing a suit in another forum which raises substantially the same question as is at issue here. In light of these considerations, and with due deference due to a plaintiff's choice of forum, the Motion to Transfer Venue is denied.

### III.    MOTION TO TRANSFER AND CONSOLIDATE

Conversely, Plaintiff requests that the related case currently pending in the Victoria Division be transferred to this Court and consolidated with this matter. However, it has come to the Court's attention that there are motions pending before the Victoria court challenging federal jurisdiction, including a motion to remand. As such, this Court finds it appropriate to allow the Victoria court to rule on these motions before it determines whether the cases should be consolidated. Plaintiff's Motion is accordingly dismissed without prejudice to refiling after a decision as to federal jurisdiction has been rendered by the Victoria court.

### IV.    CONCLUSION

5

Defendant Celinda Cervantez Escamilla's Motion to Transfer Venue (Doc. No. 33) is hereby **DENIED**. Plaintiff State Farm Fire and Casualty Company's Opposed Motion to Transfer and Consolidate (Doc. No. 37) is hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**.

**SIGNED** this 28th day of May, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE